UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

---

SADIK ABULL WAHHAD,

                Petitioner,

-v-

WARDEN FREDRICK MENIFEE,

                Respondent.

Case No. 04-CV-7860
(KMK)(LMS)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

    Sadik Abull Wahhad ("Petitioner"), proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the federal Bureau of Prisons ("BOP") violated his statutory and constitutional rights by miscalculating his "good time" credits ("GTC"), under 18 U.S.C. § 3624(b), and by restricting the time he could serve in a Community Corrections Center to the lesser of ten percent of his sentence or six months. (Petition for Writ of Habeas Corpus ("Petition") 2-3.) Petitioner also asserts violations of his Eighth Amendment rights allegedly caused by the conditions in FCI Otisville, the facility in which Petitioner was imprisoned. (Id. at 3.)

    On May 8, 2009, the Honorable Lisa Margaret Smith issued a thorough Report and Recommendation ("R & R") recommending that this Court deny the Petition in all respects. (R & R 9.) In the R & R, Magistrate Judge Smith provided notice that objections to her conclusions were due within thirteen working days, and that failure to object would constitute a waiver of Petitioner's right to appeal. (Id. at 9-10.) No objections have been filed.

    A district court reviewing a report and recommendation "'may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge.'" 28 U.S.C. § 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-836, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here.[1]

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Petitioner has not filed objections to the R & R. The Court has reviewed the R & R and finds no error, clear or otherwise. The Court therefore adopts the R & R in its entirety.

The Court fully agrees with Magistrate Judge Smith's analysis rejecting Petitioner's claim that the BOP violated his statutory or constitutional rights by interpreting 18 U.S.C. § 3624(b), which states that a prisoner may receive GTC "of up to 54 days at the end of each year of the

---

[1] Fed. R. Civ. P. 72(b)(2) was recently amended to extend the time for objections to fourteen days, but this amendment does not affect Petitioner's time to object. *See* Fed. R. Civ. P. 72(b)(2).

2

prisoner's" sentence, to mean that prisoners receive fifty-four days of credit for each year served, 28 C.F.R. § 523.20, as opposed to fifty-four days of GTC for each year of the sentence imposed. (R & R 4-5.) Indeed, after Magistrate Judge Smith issued her R & R, the Supreme Court addressed this exact issue in *Barber v. Thomas*, finding that the BOP's interpretation of § 3624(b) was the "most natural reading of the statute." 130 S. Ct. 2499, 2509 (2010). The Supreme Court explained that the BOP's interpretation "track[ed] the language of § 3624(b)" by applying the credit at the end of each year, subject to the BOP's determination that, during that year, the prisoner had behaved in an exemplary fashion. *Id.* at 2504. The Supreme Court also explained that the BOP's method of computing GTC furthered the objective of the statute by tying the award of "good time credits directly to good behavior during the preceding year of imprisonment." *Id.* at 2505; *see also Sash v. Zenk*, 428 F.3d 132, 136-38 (2d Cir. 2005) (finding that the BOP's GTC calculation method was a reasonable interpretation of an ambiguous statute).

The Court also agrees with Magistrate Judge Smith's conclusions regarding Petitioner's other two claims. *See Sanders v. Menifee*, No. 04-CV-1483, 2004 WL 1562734, *4 (S.D.N.Y. July 13, 2004) (dismissing petitioner's habeas petition regarding placement in a community correction center for lack of standing when petitioner "remain[ed] eligible for six months of community placement" under the December 2002 policy and did not assert any extraordinary circumstances); *Varona v. Menifee*, No. 04-CV-1790, 2004 WL 1161168, at *2 (S.D.N.Y. May 24, 2004) (dismissing petitioner's habeas claim regarding community placement when "regardless of whether the old policy or the [December 2002] policy were in effect, the calculation of the maximum amount of [community placement] time for which petitioner would [have] be[en] eligible [was] six months").

3

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated May 8, 2009, is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DENIED. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

DATED: July 23, 2010
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4

Service List:

For Mailing by Clerk's Office:

Sadik Abull Wahhad
01-A-5083
FCI - Otisville
P.O. Box 1000
Otisville, NY 10963

Lev L. Dassin
Kristin L. Vassalo
United States Attorney's Office for the Southern District of New York
86 Chambers Street
New York, NY 10007